IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : Indictment |
| | : |
| | : Case NO: 3:11-CR-6-CAR |
| vs. | : |
| | : |
| | : 18 U.S.C. § 2252(a)(2) |
| DAVID BISHOP LAIST | : 18 U.S.C. § 2252(a)(4)(B) |
| | : 18 U.S.C. § 2253 |

THE GRAND JURY CHARGES:

COUNT ONE
(Possession of Child Pornography)

That on March 4, 2009, in the Athens Division of the Middle District of Georgia, and elsewhere,

**DAVID BISHOP LAIST,**

defendant herein, did knowingly possess and access with intent to view one Toshiba Satellite laptop computer, containing a Toshiba Hard Disk Drive, and the following external hard disk drives:

One Seagate 500 GB external hard disk drive,

One Western Digital 750 GB external hard disk drive,

One Seagate 1.5 TB Free Agent external hard disk drive,

One Western Digital 320 GB external hard disk drive,

One Seagate 1TB Free Agent external hard disk drive;

1

containing one or more visual depictions which had been mailed, shipped, and transported in interstate and foreign commerce, and which had been produced using materials which had been mailed and shipped and transported in interstate and foreign commerce, by any means including by computer, the production of such visual depiction having involved the use of a minor engaging in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)), and such depiction being of such conduct.

All in violation of Title 18, United States Code, Section 2252(a)(4)(B).

## COUNT TWO
### (Distribution of Child Pornography)

That beginning on or about November 30, 2006, and continuing through on or about March 4, 2009, in the Athens Division of the Middle District of Georgia,

**DAVID BISHOP LAIST,**

the defendant, did knowingly distribute and receive one or more visual depictions that had been shipped or transported in interstate commerce, by any means, including by computer, the production of such visual depiction having involved the use of minors engaging in sexually explicit conduct (as defined in 18 U.S.C. 2256 (2)) and such depiction is of such conduct.

All in violation of Title 18, United States Code, Section 2252(a)(2).

# FORFEITURE NOTICE
## (18 U.S.C. § 2253-Criminal Forfeiture)

1. The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 2253.

2. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252(a)(2) and/or 2252(a)(4)(B), the defendant,

## DAVID BISHOP LAIST

shall forfeit to the United States of America:

Any visual depiction described in Title 18, United States Code, sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

 (a) Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense(s); and

 (b) Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense(s).

The property to be forfeited includes, but is not limited to, the following:

One Toshiba Satellite Laptop computer, S/N: 66085265Q, containing a Toshiba Hard Disk Drive, S/N: 569K0037S;

One Seagate 500 GB external hard disk drive, S/N: 3PM07Z3B;

One Western Digital 750 GB external hard disk drive, S/N: WCASP0050710;

One Seagate 1.5 TB Free Agent external hard disk drive, S/N: 2GEVHBMN;

One Western Digital 320 GB external hard disk drive, S/N: WCAPD2700641; and

One Seagate 1TB Free Agent external hard disk drive, S/N: 9QJ06PPZ.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be

divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c).

A TRUE BILL.

                                                            S/FOREPERSON OF THE GRAND JURY

Presented by:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

*[signature]*
GRAHAM A. THORPE
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this 19th day of Jan., AD 2011.
*[signature]*
Deputy Clerk