IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL NO. 3:11-CR-6- CAR |
| v. | : |
| | : Filed at 11:59 AM 7-28-2011 |
| DAVID BISHOP LAIST | : |
| | : |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and **David Bishop Laist**, hereinafter referred to as "Defendant," and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that defendant has reviewed and discussed the **Superseding Indictment** against defendant in this matter with defendant's attorney and defendant's attorney has explained to defendant his understanding of the government's evidence.

(2)

The defendant understands that defendant is not required to plead guilty, and that defendant has the right to plead not guilty and to elect instead to be tried by jury. The defendant understands that at a jury trial, defendant would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. The defendant understands that defendant would be entitled

to the services of a lawyer at all stages of such a trial. The defendant understands that defendant would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in defendant's own behalf. The defendant understands that defendant would have the right to testify in defendant's own behalf, but that defendant could not be compelled to do so. Defendant has discussed these rights with defendant's attorney. Defendant is satisfied with the services of defendant's lawyer. Defendant knowingly and voluntarily waives defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. So the Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(a)(2) and 11(c), Federal Rules of Criminal Procedure, as follows:

(A)     The defendant will knowingly and voluntarily enter a conditional plea of guilty pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure to **Count One (1) of the Superseding Indictment** which charges defendant with Possession of Child Pornography **and Count Two (2)**, which charges Defendant with Receipt of Child Pornography.

(B)     That defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A), above, will subject defendant to a statutory penalty of **up to ten (10) years imprisonment,(as to Count One) and a minimum mandatory term of five (5) years imprisonment up to Twenty (20) years (as to Count Two), a maximum fine of $250,000 for each count, and a term of supervised release of 5 years to life, for each count.** Defendant further acknowledges that the Court is required to impose **a mandatory assessment of $100.00.**

**The defendant also understands that following his conviction and sentencing in this matter he will be required to register as a sex offender, and that failure to do so and to keep his registration updated could subject him to further prosecution pursuant to 18 U.S.C. § 2250 ("Failure to Register").**

The defendant further understands that the minors depicted in the images have a right to request restitution from the defendant at sentencing. The government will notify any known victims that their images were found on the defendant's computer. Thereafter, the victims may submit a request for restitution

3



**under 18 U.S.C. § 3663 & § 2259. The Court will determine the amount of restitution at sentencing.**

(C)     The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office.  The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory guideline range.

(D)     The defendant understands fully and has discussed with defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a pre-sentence investigative report has been completed.  The defendant understands and has discussed with defendant's attorney that the defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the



4

discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G) Understanding that Title 18, United States Code, Section 3742, provides for appeal by a defendant of defendant's sentence under certain circumstances, defendant by this agreement waives any right to a direct appeal or other review of defendant's sentence by the District Court or Court of Appeals after conviction except to raise, on appeal, for appellate review the decision of the District Court denying Defendant's Motion to Suppress Evidence.

Notwithstanding these waivers, the defendant expressly reserves the right to file a direct appeal of the District Court's order denying Defendant's Motion to Suppress Evidence. The government expressly consents to the Defendant reserving his right to appeal the District Court's Order denying Defendant's Motion to Suppress. Both parties consider this agreement to authorize the entry of a conditional guilty plea pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedures.

(H) The defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or any other court review of defendant's sentence, and the defendant's waiver includes any collateral attack on the District Court's sentence.

5

However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range as determined by the District Court, then the defendant shall retain the right to pursue a timely appeal of the sentence directly to the Court of Appeals after the District Court imposes its sentence.

The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's opportunity to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney notices an appeal of the defendant's sentence, then the defendant shall have the right to cross-appeal from the sentence.

(I)  The defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)  That he will accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought solely in this district against the defendant. The defendant also agrees to forfeit



to the United States the property specifically listed in paragraph 8 below under the Forfeiture Provision section.

(B)     That he will consent to the entry of a conditional guilty plea pursuant to Rule 11(a)(2) as described herein.

(C)     If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the defendant receive a downward adjustment in the advisory guideline range. But the decision whether the defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from

7



doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

## FORFEITURE PROVISION

The defendant agrees to forfeit to the United States voluntarily and immediately all of defendant's right, title, and interest in any and all property which is subject to forfeiture pursuant to 18 U.S.C. § 2253, including:

    a.    One Toshiba Satellite Laptop, containing a Toshiba Hard Disk Drive, S/N: 66085265Q;

    b.    One Seagate 500 GB external hard disk drive, S/N: 3PM07Z3B;

    c.    One Western Digital 750 GB external hard disk drive, S/N: WCASP0050710;

    d.    One Seagate 1.5 TB Free Agent external hard disk drive, S/N: 2GEVHBMN;

    e.    One Western Digital 320 GB external hard disk drive, S/N: WCAPD2700641; and

    f.    One Seagate 1TB Free Agent eternal hard disk drive, S/N: 9QJ06PPZ.

The foregoing shall hereinafter collectively be referred to as ("subject property").

    (A)    Defendant agrees to the entry of a preliminary order of forfeiture of the subject property pursuant to Federal Rule of Criminal Procedure 32.2 upon acceptance of

defendant's plea of guilty by the United States District Court, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

(B)     Defendant agrees that the subject property was used or intended to be used to facilitate the possession of child pornography, to-wit: the defendant used the computer and its components listed above to receive, download and copy, from the internet, images of child pornography.

(C)     The defendant agrees fully to assist the United States in the forfeiture of the subject property and to take whatever steps are necessary to pass clear title to the subject property to the United States, including but not limited to, surrender of title and execution of any documents necessary to transfer defendant's interest in any of the subject property to the United States, and taking whatever steps are necessary to ensure that the property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

(D)     Defendant agrees not to file a claim to any of the subject property in any civil proceeding, administrative or judicial, which may be or has been initiated.

(E) Defendant agrees to waive defendant's right to notice of any forfeiture proceeding involving the subject property, and agrees not to file a claim or assist others in filing a claim in any such forfeiture proceeding.

(F) Defendant knowingly and voluntarily waives defendant's right to a jury trial on the forfeiture of the subject property. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of the subject property in any proceeding. Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the subject property by the United States, the State of Georgia, or its subdivisions.

(G) Defendant agrees that forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

(H) Defendant agrees to hold harmless, release, and forever discharge the United States, its officers, agents, attorneys, servants, and employees, from any and all actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, or demands whatsoever in law or equity which the defendant, his successors, or assigns, ever had, now have, or may have, whether known or unknown, in connection with the seizure and forfeiture of the subject property.

(I) The government reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions, if any, which are being resolved

along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible constitute or facilitated violations of 18 U.S.C. §§ 2252(a)(4)(B).

(J) Defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets pursuant to this plea agreement.

(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this 28 day of July, 2011.

MICHAEL J. MOORE
UNITED STATES ATTORNEY

BY: _____
GRAHAM A. THORPE
GEORGIA BAR NO. 710650
ASSISTANT UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA
P.O. BOX 1702
MACON, GA 31202
TEL. (478) 621-2700
FAX. (478) 621-2655

I, **David Bishop Laist**, have read this agreement and had this agreement read to me by my attorney, Page Pate. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
**David Bishop Laist**
DEFENDANT

I, Page Pate, attorney for defendant **David Bishop Laist**, have explained the indictment and the government's evidence received through discovery and my investigation of the charge to defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

_____
**Page Pate**
ATTORNEY FOR DEFENDANT