# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA, ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| V. | |
| | Case Number **3:11-CR-6-001 (CAR)** |
| **DAVID BISHOP LAIST** | |
| | USM Number: **94750-020** |
| | **Page Anthony Pate** |
| | Defendant's Attorney |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 and 2**.

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography | 03/04/2009 | 1 |
| 18 U.S.C. § 2252(a)(2) | Receipt of Child Pornography | 03/04/2009 | 2 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) .

☐ Count(s) dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material changes in economic circumstances.

November 16, 2011
Date of Imposition of Judgment

*/s/ C. Ashley Royal*
Signature of Judge
C. ASHLEY ROYAL, Chief United States District Judge

21 November 2011
Date

DEFENDANT: **DAVID BISHOP LAIST**  
CASE NUMBER **3:11-CR-6-001 (CAR)**  
DISTRICT: MIDDLE DISTRICT OF GEORGIA

Judgment - Page 2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **120 months on Counts One and Two. Both counts are to be served concurrently for a total sentence of 120 months.**

☒ The Court makes the following recommendations to the Bureau of Prisons:
**The Court recommends to the Bureau of Prisons that the defendant be allowed to participate in the Residential Drug Abuse program (RDAP) while confined.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The Defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
    Deputy U.S. Marshal

DEFENDANT: **DAVID BISHOP LAIST**  
CASE NUMBER **3:11-CR-6-001 (CAR)**  
DISTRICT: MIDDLE DISTRICT OF GEORGIA

Judgment - Page 3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **25 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901,*et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works of is a student, or was convicted of a qualifying offense. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **DAVID BISHOP LAIST**
CASE NUMBER **3:11-CR-6-001 (CAR)**
DISTRICT: MIDDLE DISTRICT OF GEORGIA

Judgment - Page 4

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

You shall participate in a program of drug and alcohol testing and treatment. The U.S. Probation Office shall administratively supervise your participation in the program by approving the program, administering the testing, and supervising the treatment.

You shall participate in a mental health treatment program and shall comply with the treatment regimen of your mental health provider. The U.S. Probation Office shall administratively supervise your participation in the program by approving the program and monitoring your participation in the program.

You are prohibited from incurring new credit charges or opening additional lines of credit without approval of the U.S. Probation Office.

You shall provide financial information to the probation officer upon request.

You shall not possess or have under your control any material contains "sexually explicit conduct" or "child pornography" as defined in 18 U.S.C. § 2256.

You shall comply with the Level 3 Restrictions of the Middle District of Georgia's Technology Access program under the guidance and supervision of the U.S. Probation Office.

You shall register with the state Sex Offender Registration Agency in the state where you reside, work, or are a student, as directed by the Probation Officer.

You shall waive any confidentiality regarding sex offender treatment and allow the Probation Officer unrestricted access to monitor your treatment.

You shall participate in a mental health program to include any available sexual offender treatment and shall comply with the treatment regimen as directed by your mental health provider.

DEFENDANT: **DAVID BISHOP LAIST**  
CASE NUMBER **3:11-CR-6-001 (CAR)**  
DISTRICT: MIDDLE DISTRICT OF GEORGIA

Judgment - Page 5

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 200.00 | $ 17,500.00 | $ |

☐ The determination of restitution is deferred until           . An *Amended Judgment in a Criminal Case* will be entered after such a determination.

☐ The defendant must make restitution (including community restitution) to the following victims in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

☐ Restitution amount ordered pursuant to plea agreement $

☒ The defendant must pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments sheet may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The Court has determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapter 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **DAVID BISHOP LAIST**  
CASE NUMBER **3:11-CR-6-001 (CAR)**  
DISTRICT: MIDDLE DISTRICT OF GEORGIA

Judgment - Page 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ due immediately, balance due
  ☐ not later than , or
  ☐ in accordance with ☐ C, ☐ D, ☐ E; or ☐ F below; or

B ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☒ E, or ☐ F below; or

C ☐ Payment in equal installments of $ over a period of , to commence after the date of this judgment; or

D ☐ Payment in equal installments of $ over a period of , to commence after release from imprisonment to a term of supervision; or

E ☒ Payment during the term of supervised release will commence within **60 days** after release from imprisonment. The Court will set the appropriate payment plan for any remaining monetary obligations based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

Payment of criminal monetary penalties is due during incarceration unless the court has expressly ordered otherwise. During incarceration, the Defendant shall make financial payments from any wages earned in accordance with the Inmate Financial Responsibility Program. Upon release, payment during the term of Supervised Release will commence within 60 days. The Court will set the payment plan based on an assessment of the Defendant's ability to pay at that time.

Criminal monetary penalties are due in full immediately and payable to the clerk of the court. The value of any future discovered assets may be applied to offset the balance of criminal monetary penalties. The Defendant may be included in the Treasury Offset Program allowing qualified federal benefits to be applied to offset the balance of criminal monetary penalties.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
   **a. One Toshiba Satellite laptop, containing a Toshiba Hard Disk Drive, S/N: 66085265Q;**
   **b. One Seagate 500 GB external hard disk drive, S/N: 3PM07Z3B;**
   **c. One Western Digital 750 GB external hard disk drive, S/N: WCASP0050710;**
   **d. One Seagate 1.5 TB Free Agent external hard disk drive, S/N: 2GEVHBMN;**
   **e. One Western Digital 320 GB external hard disk drive, S/N: WCAPD2700641; and**
   **f. One Seagate 1 TB Free Agent external hard disk drive, S/N: 9QJ06PPZ.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.